[Civ. No. 4848. First Appellate District, Division One.—February 20, 1924.]

In the Matter of the Application of FERDINAND F. STOVER to be Admitted to Practice Law.

[1] ATTORNEY AT LAW—APPLICATION FOR ADMISSION TO BAR—CERTIFICATE AS TO MORAL CHARACTER.—An application for admission to the bar of the state of California will be denied where the past conduct of the applicant, although not showing great depravity of character, indicates a want of that sincerity and integrity which the law demands of those who are to be allowed the privilege of practicing law.

APPLICATION for admission to practice law after denial of certificate by State Board of Bar Examiners. Denied.

The facts are stated in the opinion of the court.

Theo. L. Breslauer for Applicant.

Eugene D. Bennett and John J. Goldberg for Respondents.

THE COURT.—This matter was referred to Willard W. Shea, Esq., to take testimony and report the facts to this court. His report is adopted as part of this opinion and is as follows:

"Pursuant to the order of your Honorable Court, the undersigned Commissioner, appointed by the Court to take testimony in the above entitled matter has the honor to submit the following as his report:

"The Petitioner, Ferdinand F. Stover, was a candidate for admission to the Bar of the State of California in the examination conducted by the State Board of Bar Examiners in June, 1923. Although he showed in that examination that he possessed the necessary qualifications of learning, the Board reported that 'after a full consideration we are unable to certify that the applicant has satisfied us as to his moral character, and for that reason alone we are unable to issue the usual complete certificate.' Subsequent to the above report Mr. Stover filed a new application to practice as an Attorney and Counselor at law, by this Court. This application was opposed by the Bar Association of San Francisco, and, under date of December 17, 1923, the parties appeared in Court, and the undersigned was appointed to take testimony and report facts.

"Hearings were held on December 27, 1923, January 2, and January 23, 1924.

"The following witnesses were sworn and testified for the petitioner: John Goss, O. J. Boden, Charles J. O'Connor, Theodore L. Breslauer, Harold P. Nelson, and Ferdinand F. Stover.

"For the objector the following witnesses were called and examined: Albert L. Shepston, C. Meinberg, Frederick W. Kant, Carroll Single, Thomas J. Curtis, Edward J. Wiscotchill and Hon. Walter Perry Johnson.

"From the testimony adduced and documentary evidence presented, your Commissioner finds the facts as follows:

"That during the month of August, 1921, petitioner was twice arrested for alleged cheating in dice games in the stores of the United Cigar Company but was discharged because the evidence was deemed insufficient to convict.

"That during the same month he was arrested for attempting to 'short change' the cashier in a restaurant but that charge was also dismissed.

"That about that time the petitioner spent a great deal of time 'practicing' with dice in a cigar stand in which the witness Meinberg was employed.

"That the petitioner was then known to the two Police Department Detectives who testified as a 'dice shark.'

"That subsequently petitioner operated a small brokerage business in which he was engaged chiefly in buying and selling cigar stands. That in the month of November, 1921, he sold to W. G. Peterson, a seafaring man, one half interest in this business for $750.00 and in July, 1922, petitioner filed suit against the said Peterson for a dissolution of the then unprofitable partnership. Peterson filed a cross-complaint alleging that the petitioner had carried on certain independent transactions and had not accounted to the partnership for the profits thereof, and he was awarded a judgment on the cross-complaint for $247. In making this award Honorable Walter Perry Johnson, who tried the case, in a letter to the parties under date of June 7, 1923, stated:

" 'I am clearly of the view that plaintiff's conduct towards his partner is condemned by the law no less than by good morals; and that he must be held to account for the partner's share of the secret profits made in the two transactions mentioned.'

"Judge Johnson subsequently explained that by the term 'secret profits' he did not mean that the transactions were entirely unknown to Peterson but that they were such transactions that the profits thereof should have been turned in as profits of the partnership."

[1] While the facts, as above set forth, are quite different, we are of the opinion that the language used by the supreme court in *In re Wells,* 174 Cal. 467, at 476 [163 Pac. 657], is also applicable here: "While this conduct may not show great depravity of character, we think it must be admitted that it indicates in the respondent a want of that sincerity and integrity which the law demands of those who are to be allowed the privilege of practicing law."

The findings of the commissioner are sufficient to support the conclusion of the board of bar examiners and the application is, therefore, denied.